IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| J.W., by and through her parent and legal guardian, Latasha Tolbert, and individually M.D., by and through her grandparent and guardian, Vanessa Boyd, and individually, A.I., by and through her parents and guardians, Catrice Ingram and Miguel Jones, and individually,<br><br>Plaintiffs,<br><br>v.<br><br>Saint Paul Public Schools Independent School District No. 625, Saint Paul Public Schools Board of Education, Jayne Ropella, individually and in her representative capacity as Principal, and Timothy M. Olmsted, individually and in his representative capacity as a teacher,<br><br>Defendants. | Case No. 12-cv-01369 (DWF/JSM)<br><br>**DEFENDANT SAINT PAUL PUBLIC SCHOOLS' AND JAYNE ROPELLA'S ANSWERS TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Defendants Saint Paul Public Schools Independent School District No. 625 and Saint Paul Public Schools Board of Education ("the District"), along with Jayne Ropella (collectively, "Defendants"), hereby respond to Plaintiffs' Interrogatories and Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories and Requests for Production as a whole to the extent that they seek the disclosure of information, communications and

documents protected from discovery by the attorney-client privilege and/or attorney work product doctrine.

2. Defendants object to the Interrogatories and Requests for Production as a whole to the extent that they seek the disclosure of confidential information and information subject to federal and state privacy laws, including but not limited to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

3. Defendants object to the Plaintiffs' "Definitions" and "Instructions" as overly broad, unduly burdensome, irrelevant and not reasonably likely to lead to the discovery of admissible evidence to the extent that they purport to call for the production of documents from January 1, 2005 to the present.

4. Defendants object to the Interrogatories and Requests for Production to the extent that they seek to impose upon Defendants obligations that are greater or different than those created by the Federal Rules of Civil Procedure.

Subject to and without waiving these General Objections, Defendants answers the Interrogatories and Requests for Production as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons participating in the preparation of the responses to these Interrogatories. In addition to the information required by the "Definitions" instructions above, for each such person, identify his or her job title, employer, business and residential address, and telephone number, identify which particular Interrogatories he or she participated in answering, the documents relied on or consulted in answering such Interrogatories, and describe generally the nature of the information each such person supplied for each such Interrogatory.

**ANSWER NO. 1:** Defendants object to this Interrogatory insofar as it requests

District employees' residential addresses and phone numbers, which are private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* Subject to and without waiving these objections, the following persons participated in the preparation of the interrogatory responses in addition to the undersigned counsel: District General Counsel Jeff Lalla and Jayne Ropella.

**INTERROGATORY NO. 2:** Identify all persons you know have, or believe are likely to have, discoverable information relevant to the facts alleged in the pleadings. In addition to the information required by the "Definitions" instructions above, as to each such individual, identify his or her knowledge and the basis for that knowledge.

**ANSWER NO. 2:** The following persons are likely to have discoverable information relevant to the facts alleged in the pleadings:

| Person | Knowledge/Basis |
| --- | --- |
| J.W. | Plaintiff |
| Latasha Tolbert | Parent of Plaintiff J.W. |
| M.D. | Plaintiff |
| Vanessa Boyd | Grandmother of Plaintiff M.D. |
| A.I. | Plaintiff |
| Catrice Ingram | Parent of Plaintiff A.I. |
| Miguel Jones | Parent of Plaintiff A.I. |
| Coralene Aho, Special Education Teaching Assistant | Routinely spent time in Olmsted's classroom |
| Timothy Caskey, Director of Human Resources | Participated in decision to place Mr. Olmsted on administrative leave |

| | |
|---|---|
| Andrew Collins, Elementary Assistant Superintendent | Received reports from Ms. Tolbert; engaged in follow-up to address reports; participated in District's decision to place Mr. Olmsted on administrative leave |
| Julie Coffey, Assistant Director of Human Resources | Received reports from Ms. Tolbert; engaged in follow-up to address reports; participated in District's decision to place Mr. Olmsted on administrative leave |
| Rita Gibbons, Special Education Teaching Assistant | Routinely spent time in Mr. Olmsted's classroom |
| Pamela Giesecke, Special Education Teaching Assistant | Spent time in Mr. Olmsted's classroom |
| Steve Hagger, Special Education Teaching Assistant | Spent time in Mr. Olmsted's classroom |
| Heather Hara, Special Education Teacher | Worked with J.W.; spoke with Ms. Tolbert regarding certain of Ms. Tolbert's concerns and addressed |
| Andrew Jackson, Teacher | His classroom serves as the "buddy room" for Mr. Olmsted's students; spent time in Mr. Olmsted's classroom; refutes certain of Plaintiffs' allegations |
| Michael Kremer, former District Executive of Operations | Received reports from Ms. Tolbert; engaged in follow-up to address reports |
| Kathryn Kritta, Teacher on Special Assignment Behaviorial Specialist | Knowledge of reports by Ms. Tolbert regarding Mr. Olmsted, the fact of Ropella's and the District investigations into reports; spent time in Mr. Olmsted's classroom and in the lunchroom with Mr. Olmsted's class; had communications directly with Ms. Tolbert. |
| Leah Lindeman, Business Agent, Saint Paul Federation of Teachers | Attended investigative meeting with Mr. Olmsted |
| Jennifer Lindstrom, Elementary | Had communications with Ms. Tolbert |

| | |
|---|---|
| Lead Clerk | |
| Meg Luger-Nikolai, Staff Counsel, Education Minnesota | Attended investigative meeting with Mr. Olmsted |
| Bou Moua, Human Resource Consultant | Participated in District's investigation of Ms. Tolbert's reports |
| Timothy Olmsted, former Teacher | Defendant |
| Alex Rodriguez, Human Resource Consultant | Participated in District's investigation of Ms. Tolbert's reports |
| Jayne Ropella, Principal | Received reports from Ms. Tolbert; engaged in investigations and follow-up to address reports |
| Diane Sewell, Special Education Teacher | Routinely spent time in Olmsted's classroom |

Other than Plaintiffs, all of the District personnel named in this interrogatory response should be contacted only through the undersigned counsel.

**INTERROGATORY NO. 3:** If you contend the Plaintiffs, any person acting on behalf of their, or any other plaintiffs made any representations, statements, purported admissions, or any other statements whatsoever to you, to any of your attorneys or representatives, or to any third party about the subject matter of this lawsuit, then, with respect to each, identify: The name and address of the speaker(s); the date, time, and place the statement was made; the person to whom the statement was made; the names and addresses of all parties present; the substance of each such statement; whether such statements were recorded or written or whether notes were made of the statement; and, if so, the present location of the written or recorded statement or notes.

**ANSWER NO. 3:** The minor Plaintiffs and their parents/guardians made representations, statements, admissions and other statements on March 3, 2012 at the offices of Plaintiffs' counsel about the subject matter of this lawsuit. Those statements were recorded by Plaintiffs' counsel and the audiotape remains in her possession.

5

Defendants object to this interrogatory to the extent it requires Defendants to list the contents of that audiotape; it is available to Plaintiffs' counsel and has not been produced to counsel for Defendants as promised at the March 3, 2012 meeting and as subsequently requested.

**INTERROGATORY NO. 4:** Identify the factual basis for halting the investigation into the Defendant Olmsted and Ropella's actions including any and all SPPS rules, regulations, collective bargaining agreement, policies and procedures that provide for the cessation of an investigation on the basis of Olmsted's voluntary resignation.

**ANSWER NO. 4:** Defendants object to this interrogatory to the extent that it assumes facts not in evidence, i.e., that "the investigation into the Defendant Olmsted and Ropella's action" was halted. Defendants further object that this interrogatory seeks private and nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.* and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants also object that this interrogatory seeks information protected generally by the attorney-client privilege and that constitutes attorney work product.

Subject to and without waiving these objections, Defendants respond that other than ongoing discovery and related investigation in connection with the threatened and now-pending litigation, the investigation into Olmsted's actions halted due to his sick leave request granted pursuant to the Family Medical Leave Act and the governing

6

collective bargaining agreement, and his voluntary termination of his employment relationship, and the investigation into Ropella's actions was completed. Discovery is continuing.

**INTERROGATORY NO. 5:** Please identify the individual who made the decision to cease the investigation into Defendant Olmsted and Ropella's actions including the name, title, factual and legal basis for the decision to cease the investigation and whether that decision has been ratified by SPPS Board of Education.

**ANSWER NO. 5:** Defendants object to the interrogatory as compound insofar as it actually comprises three interrogatories. Defendants object to this interrogatory to the extent that it assumes facts not in evidence, i.e., that "the investigation into the Defendant Olmsted and Ropella's actions" ceased. Defendants further object that this interrogatory seeks private and nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.* and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants also object that this interrogatory seeks information protected generally by the attorney-client privilege and that constitutes attorney work product.

Subject to and without waiving these objections, Defendants respond that SPPS General Counsel Jeff Lalla and Director of Human Resources Tim Caskey made the decision as to when to halt the investigation of Olmsted's actions upon the SPPS Board of Education's acceptance of Olmsted's sick leave request and his voluntary termination

of his employment relationship, and as to when the investigation into Ropella's actions was complete.

**INTERROGATORY NO. 6:** Describe what specific facts, including the date and time those facts became known, that resulted in Defendant Olmsted being placed on paid leave, triggered an investigation into Defendant Olmsted's conduct within SPPS and resulted in his resignation with SPPS.

**ANSWER NO. 6:** Defendants object to this interrogatory is vague and ambiguous as to which "leave" and which "investigation." Defendants further object that this interrogatory seeks private and nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.* and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants also object that this interrogatory seeks information protected generally by the attorney-client privilege and that constitutes attorney work product.

**INTERROGATORY NO. 7:** Describe in detail what actions were taken by Defendant Ropella and Defendant SPPS to investigate Olmsted's conduct within SPPS.

**ANSWER NO. 7:** Defendants object to this interrogatory as vague and ambiguous as to "Olmsted's conduct," and unduly burdensome insofar as it requires a detailed account of actions taken by Defendants. Defendants further object that this interrogatory seeks private and nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.* and to the extent this interrogatory seeks the discovery of protected nonpublic data and

8

confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants also object that this interrogatory seeks information protected generally by the attorney-client privilege and that constitutes attorney work product.

**INTERROGATORY NO. 8:** Furnish a complete and comprehensive list of names, addresses and telephone numbers for all children who attended Defendant Olmsted's sixth grade class during the 2011-12 school year.

**ANSWER NO. 8:** Defendants object that this interrogatory seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* and not public data under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Subject to and without waiving these objections, the Defendants respond that the students in Mr. Olmsted's sixth grade class during the 2011-12 school year were:

| | |
|---|---|
| Anna Baker | Aulecia Jones |
| Vale Bradley | Gaoly Lee |
| Katrina Buckhanan | Maryann Mbugua |
| Katherine Cabrera | Dalilah Ramirez |
| Asiana Dean-Nelson | Anthony Reyes |
| Melissa Dobbs | Kacey Scharffbillig |
| Mykaela Doornbos | Izayah Scott |
| Julia Elmquist | Kevin Senn |
| Area Flaa | Tyrone Thomas |
| Ingred Flores | Hakeem Turner |
| Ashley Gonzales | Daniel Vargas |
| Adam Hamilton | Jamia Ware |
| Jason Henning | Jacob Wylie |
| Kylie Henning | Nathan Xiong |
| Lee Pao Her | Xuw Feng Yang |

9

**INTERROGATORY NO. 9:** Identify any and all complaints, incident reports, or concerns raised by any individual, whether parent or school personnel, regarding Defendant Olmsted, including the incidents alleged in the Complaint and the incident wherein Defendant Olmsted stated to the effect that it was easier to teach white children. Include the names and contact information for the individual who made any complaint, incident report or concern and the details of those complaints, incident reports or concerns.

**ANSWER NO. 9:** Defendants object that this interrogatory seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* and not public data under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Defendants further object to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action and as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants also object that this request seeks information protected generally by the attorney-client privilege and that constitutes attorney work product. Moreover, Defendants object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that this interrogatory is vague and ambiguous as to "concerns raised by any individual."

Subject to and without waiving these objections, Defendants will produce responsive public data pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 10:** Identify the dates and times that any and all observations were done of Defendant Olmsted while teaching in SPPS.

**ANSWER NO. 10:** Defendants object that this interrogatory seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.*

**INTERROGATORY NO. 11:** Identify any and all complaints, incident reports, or concerns raised by any individual, whether parent or school personnel, regarding Defendant Ropella, including the incidents alleged in the Complaint. Include the names and contact information for the individual who made any complaint, incident report or concern and the details of those complaints, incident reports or concerns.

**ANSWER NO. 11:** Defendants object to the extent this interrogatory seeks private and nonpublic which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* Defendants further object that this interrogatory is vague and ambiguous as to "concerns raised by any individual," Moreover, Defendants object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Defendants respond that, in addition to the allegations raised by Plaintiffs in their Complaint and Amended Complaint, concerns were publicly raised and a petition presented about "Principal A" at The Heights at a May 15, 2012, Board Meeting by certain of the Plaintiffs, among others, and there have been demonstrations in the vicinity of The Heights in which individuals raised concerns about The Heights principal. Further, Defendants state that Plaintiff Latasha Tolbert distributed flyers in and around The Heights on or about June 7, 2012. Defendants will produce responsive public data pursuant to Fed. R. Civ. P. 33(d), and hereby identify publicly available responsive information that can be found at:

http://www.spps.org/uploads/principal_a_lg_prog.mov.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Each and every document that in any way refers to, relates to, or pertains to each and every allegation contained in the Complaint and your defenses in this matter.

**RESPONSE NO. 1:** Defendants object to this request as overly broad and unduly burdensome, and not stated with the reasonable particularity required by Fed. R. Civ. P. 34(b)(1)(A). Defendants further object that this request seeks private and nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.* and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants further object that this request seeks not public data, which they are barred from releasing pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Defendants also object that this request seeks information protected generally by the attorney-client privilege and that constitutes attorney work product.

**REQUEST NO. 2:** Each and every non-privileged document that in any way relates to, refers to, or pertains to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 served herewith, and your answers and responses to the same, including, but not limited to, copies of all documents consulted or reviewed by each person who provided any information in response to Plaintiffs' Interrogatories.

**RESPONSE NO. 2:** Defendants incorporate their objections to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11. Defendants object that this request seeks private and

nonpublic data, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq*. and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action and as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants further object that this request seeks not public data, which they are barred from releasing pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Subject to and without waiving these objections, Defendants respond that responsive public data will be produced.

**REQUEST NO. 3:** Each and every non-privileged document that in any way relates to, refers to, or pertains to any investigations by SPPS, including any and all documents from the named Defendant Ropella, into the allegations made by the Plaintiffs in their complaint.

**RESPONSE NO. 3:** Defendants object that this request seeks private and nonpublic, which they are barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq*. and to the extent this interrogatory seeks the discovery of protected nonpublic data and confidential data on individuals collected by the District as part of an active investigation undertaken for the purpose of the defense of this action, or which were retained in anticipation of this action as specifically set forth by Minn. Stat. § 13.39, subd. 2(a). Defendants further object that this request seeks not public data, which they are barred from releasing pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Subject to and without waiving

these objections, Defendants respond that responsive public data will be produced.

**REQUEST NO. 4:** A copy of the petition, or any and all petitions, related to Defendant Ropella and submitted to Defendant SPPS on behalf of African American Parents in 2001.

**RESPONSE NO. 4:** Defendants object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendants state that they have no responsive documents in their possession, custody or control.

**REQUEST NO. 5:** A copy of any and all documents reflecting the terms and conditions of Defendant Olmsted's resignation including the resignation document itself.

**RESPONSE NO. 5:** Defendants object that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Subject to and without waiving this objection, responsive public data will be produced.

**REQUEST NO. 6:** A copy of any and all notes taken by anyone within SPPS, including Defendant Ropella, Julie Coffey and Andrew Collins in their meetings with any of the Plaintiffs.

**RESPONSE NO. 6:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Subject to and without waiving these objections, Defendants respond that responsive public data will be produced.

**REQUEST NO. 7:** A copy of all sign-in documents from September 2011 — January 15, 2011 from the Heights Community School.

**RESPONSE NO. 7:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Defendants further object that this request seeks not public data, which they are barred from releasing pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Subject to and without waiving these objections, responsive public data relating to the Plaintiffs will be produced.

**REQUEST NO. 8:** A copy of all observations conducted by any person within SPPS regarding Olmsted in the classroom setting. If no such observations were conducted, please provide a copy of the checklist or document upon which a teacher observation is based.

**RESPONSE NO. 8:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Subject to and without waiving these objections, responsive public data will be produced.

**REQUEST NO. 9:** A copy of SPPS' personnel file for Defendant Ropella.

**RESPONSE NO. 9:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Defendants further object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, responsive public data will be produced.

**REQUEST NO. 9 [sic]:** A copy of SPPS' personnel file for Defendant Olmsted.

**RESPONSE NO. 9:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Defendants further object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, responsive public data will be produced.

**REQUEST NO. 10:** A copy of SPPS' personnel file for Andrew Collins.

**RESPONSE NO. 10:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Defendants further object to this request to the extent it seeks documents that are irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request as irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, responsive public data will be produced.

**REQUEST NO. 11:** A copy of SPPS' personnel file for Julie Coffey.

**RESPONSE NO. 11:** Defendants object to the extent that this request seeks private and nonpublic data which it is barred from releasing pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq*. Defendants object to this

request as irrelevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, responsive public data will be produced.

AS TO OBJECTIONS:

Dated: July 26, 2012

GREENE ESPEL P.L.L.P.

By _____
Jeanette M. Bazis, Reg. No. 255646
Bethany D. Krueger, Reg. No. 306368
Sybil Dunlop, Reg. No. 0390186
200 S. Sixth Street, Suite 1200
Minneapolis, MN 55402
(612) 373-0830

Attorneys for Defendants Saint Paul Public Schools Independent School District No. 625, Saint Paul Public Schools Board of Education, Jayne Ropella, individually and in her representative capacity as Principal