UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| | ) | |
| J.W., by and through her parent and legal guardian, Latasha Tolbert, and individually M.D., by and through her grandparent and guardian, Vanessa Boyd, and individually, A.I., by and through her parents and guardians, Catrice Ingram and Miguel Jones, and individually, | ) ) ) ) ) ) ) ) ) | Case No. 12-CV-1369 (DWF/JSM) |
| | ) | |
| Plaintiffs, | ) ) | **DEFENDANT TIMOTHY M.** |
| v. | ) ) | **OLMSTED'S MEMORANDUM OF LAW IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| Saint Paul Public Schools Independent School District No. 625, Saint Paul Public Schools Board of Education, Jayne Ropella, individually, and in her representative  capacity as Principal, and Timothy M. Olmsted, individually and in his representative capacity as a teacher, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This memorandum is submitted in support of Defendant Timothy M. Olmsted's ("Olmsted") Motion to Dismiss.

Plaintiffs' Minnesota Human Rights Act ("MHRA" or the "Act") claim must be dismissed because there is no valid claim under Minn. Stat. Section 363A.03, as pleaded by Plaintiffs.

Plaintiffs' MHRA claim against Olmsted must also be dismissed because the Amended Complaint fails to allege that Olmsted aided and abetted another person's

326466.1

discriminatory conduct, which is a prerequisite for individual liability under the Act.  Nor can a valid MHRA claim be based upon the allegation that Olmsted aided and abetted his own conduct.

For both of these reasons, Plaintiffs' MHRA claim against Olmsted fails to state a claim upon which relief may be granted.  Accordingly, the Court should dismiss Plaintiffs' MHRA claim against Olmsted, with prejudice.

## ALLEGED FACTS

### A.    Background of the Parties.

The Plaintiffs are J.W., by and through her parent and legal guardian, Latasha Tolbert, and individually, M.D., by and through her grandparent and guardian, Vanessa Boyd, and individually, A.I., by and through her parents and guardians, Catrice Ingram and Miguel Jones, and individually (collectively "Plaintiffs").  Plaintiffs assert several claims against multiple defendants, including Olmsted, the minor Plaintiffs' former sixth-grade teacher.

Olmsted was minor Plaintiffs' sixth-grade teacher for a portion of the 2011-2012 academic year at the Heights Community School ("The Heights") in St. Paul, Minnesota. (Pls.' Am. Compl. ¶¶ 7, 10; Defs. Saint Paul Pub. Schs. Indep. Sch. Dist. No. 625, Saint Paul Pub. Schs. Bd. of Educ., and Jayne Ropella's Answer to Pls.' Am. Compl. [hereinafter "Defs.' Answer"] ¶ 6.)

Ropella was at all times relevant the Principal of The Heights.  (Defs.' Answer ¶ 4.)

The Defendants Saint Paul Public Schools, Independent School District No. 625, and Saint Paul Public Schools Board of Education (collectively the "District Defendants") operate The Heights.  (*See* Pls.' Am. Compl. ¶¶ 5-6.)   The District Defendants are public institutions within the meaning of the MHRA.  (*See id.* ¶ 26; *see also* Defs.' Answer ¶ 18.)

### B.      Plaintiffs' Allegations.

Plaintiffs allege, that during the 2011-2012 academic year, they were racially discriminated against by Olmsted.[1]   (*See* Pls.' Am. Comp. ¶¶ 12-13.)   Plaintiffs' Amended Complaint also alleges that Plaintiff Latasha Tolbert ("Tolbert"), reported or attempted to report Olmsted's conduct to Ropella and the District Defendants.  (*Id.* ¶ 15-16.)  According to Plaintiffs, Tolbert's complaints went unanswered.  (*Id.* ¶ 17.)

On this basis, Plaintiffs allege that Olmsted violated the MHRA.

## ARGUMENT

## I.      STANDARD OF REVIEW.

"[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).   Under this Rule, a district court must dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   In other words, "the complaint must allege facts, which if true, state a claim as a matter of

law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II.   BECAUSE PLAINTIFFS FAIL TO STATE AN ACTIONABLE MHRA CLAIM AGAINST OLMSTED, THIS CLAIM MUST BE DISMISSED.

Plaintiffs' MHRA claim must be dismissed as against Olmsted because Plaintiffs'

Amended Complaint: (1) fails to set forth a comprehensible cause of action under the

MHRA; and (2) fails to allege that Olmsted aided or abetted another person's

discriminatory conduct.

### A.   Plaintiff's MHRA Claim Fails To Cite Any Relevant Provision Of The MHRA.

As an initial matter, the Amended Complaint fails to cite to any relevant prevision

of the MHRA. Plaintiffs assert that they "have been discriminated against by all

Defendants on the basis of race in violation of the [MHRA], Minn. Stat. § 363A.03."

(Pls.' Am. Compl. ¶ 30; *see also id.* ¶ 28, and cites to a non-existent subdivision 5(1) of

section 363A.  And, section 363A.03 merely sets forth the definitions applicable to the

Act.  *See* Minn. Stat. § 363A.03.  As pleaded, Plaintiffs' MHRA claim, therefore fails to

state a claim for relief.

### B.   A Person Can Only Be Held Individually Liable Under The MHRA For Aiding and Abetting Another Wrongdoer's Discriminatory Conduct.

Even if Plaintiffs' failure to reference any applicable provision of the MHRA is

excusable, Plaintiffs' MHRA claim must be dismissed as against Olmsted because

Plaintiffs' Amended Complaint fails to allege that Olmsted aided and abetted another

---

[1] Olmsted denies each and every allegation in Plaintiffs' Amended Complaint, but

person's discriminatory conduct.   Minnesota Statutes section 363A.12, subdivision 1,

provides in relevant part: "It is an unfair discriminatory practice to discriminate against

any person in the access to, full utilization of or benefit from any public service because

of race, color, creed, religion, national origin, disability, sex, sexual orientation, or status

with regard to public assistance . . . ."  Further, section 363A.13, subdivision 1, provides:

> It is an unfair discriminatory practice to discriminate in any
> manner in the full utilization of or benefit from any
> educational institution, or the services rendered thereby to any
> person because of race, color, creed, religion, national origin,
> sex, age, marital status, status with regard to public
> assistance, sexual orientation, or disability, or to fail to ensure
> physical and program access for disabled persons.

Neither section 363A.12 nor section 363A.13 provide for individual liability

against an alleged wrongdoer.  Rather, individual liability under the Act is expressly set

forth in section 363A.14, which states that an individual can be liable under the MHRA if

he or she is found to have intentionally aided, abetted, incited, compelled, or coerced a

person to engage in any of the practices forbidden by the Act.[2]  Thus, an underlying

MHRA claim is a prerequisite to a claim of aiding and abetting in violation of the

MHRA.  *McDonald v. City of St. Paul*, 679 F.2d 698, 708 (8th Cir. 2012).  Indeed, an

alleged wrongdoer "simply cannot aid and abet his own discriminatory conduct."

*Rasmussen v. Two Harbors Fish Co.*, 817 N.W.2d 189, 203 (Minn. Ct. App. 2012).

---

acknowledges that the alleged facts are taken as true for the purposes of this motion.
[2] Individual liability for attempted aiding and abetting and for intentionally obstructing or preventing any person from complying with the Act is also recognized section 363A.14(2).

Here, in order to prevail against Olmsted individually under the Act, Plaintiffs must establish an underlying MHRA claim against at least one of the other defendants. The District Defendants concede that they are subject to the MHRA.  (Defs.' Answer ¶ 18.)  But because Plaintiffs have not alleged that the District Defendants themselves engaged in any affirmative discriminatory conduct, they can only be liable based on the violative conduct of their agents or representatives.  *See, e.g., Rassmussen*, 817 N.W.2d at 201 (reasoning that the corporate entities in that case would be liable under the MHRA only because of their status as "employers," and not because they engaged in any affirmative discriminatory or harassing actions separate from those of the alleged wrongdoer).  Because Olmsted cannot aid and abet his own conduct, *see id.* at 203, Plaintiffs must establish an underlying claim against Ropella in order to hold Olmsted individually liable under the Act.

Plaintiffs do not allege any underlying claim against Ropella.  Rather, Plaintiffs expressly allege that "Defendant Ropella . . . intentionally aided and abetted Olmsted in depriving the Plaintiffs of their rights under the MHRA."  (Pls.' Am. Compl. ¶ 30.)  By failing to plead an underlying MHRA claim resulting from conduct other than Olmsted's, Plaintiffs' MHRA claim against Olmsted is tantamount to alleging that he aided and abetted his own conduct, which plainly fails to state a cause of action under controlling case law.  *See Rasmussen*, 817 N.W.2d at 203.  Accordingly, Plaintiffs' MHRA claim as against Olmsted fails as a matter of law and must be dismissed.

Applicable federal precedent also requires the dismissal of Plaintiffs' MHRA claim against Olmsted. "The MHRA is typically construed in accordance with federal precedent concerning analogous federal statutes . . . ." *Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 793 (8th Cir. 2010) (citing *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1338 (8th Cir. 1996)). Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The Eighth Circuit has acknowledged that section 363A.13 of the MHRA is sufficiently analogous to Title VI to warrant construction under federal precedent. *See Mumid*, 618 F.3d at 793. Given the substantial similarity between sections 363A.12 and 363A.13 of the MHRA, it follows that section 363A.13 should also be construed in accordance with federal precedent regarding Title VI.

Under applicable federal precedent, a Title VI claim against an individual must be dismissed because "Title VI does not support individual liability." *Pruitt v. Anderson*, No. 11-2143(DSD/JJK), slip op. at *3 (D. Minn. Dec. 9, 2011); *see also Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 521 (3d Cir. 2011); *Schotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n. 12 (11th Cir. 2003); *Buchanon v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1997). As mentioned above, neither section 363A.12 nor section 363A.13 support individual liability. Rather, individuals can only be liable to the extent that they intentionally aid and abet another alleged wrongdoer's

conduct. *See* Minn. Stat. § 363A.14. Plaintiffs have not pleaded that Olmsted aided and abetted another person's wrongful conduct. Because the Act does not otherwise provide for individual liability, and because the language of sections 363A.12 and 363A.13 is sufficiently similar to that of Title VI, it follows that Olmsted cannot be held individually liable for his own allegedly discriminatory conduct under the MHRA.

## CONCLUSION

For the foregoing reasons, Defendant Timothy M. Olmsted respectfully requests that this Court dismiss Plaintiffs' MHRA as against him, with prejudice.

Dated: September 14, 2012.

BY:   s/ David L. Hashmall

David L. Hashmall (#138162)
Matthew D. Schwandt (#390499)
FELHABER LARSON FENLON &VOGT, PA
220 S 6th Street, Suite 2200
Minneapolis, MN 55402-4504
612-373-8518
Fax: 612-338-0535
Email: dhashmall@felhaber.com
*Attorneys for Timothy M. Olmsted*